UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X
PEDRO CHAMORRO,

        Plaintiff,

   -against-

AMYRIS, INC., JOHN DOERR, GEOFFREY DUYK, PHILIP EYKERMAN, CHRISTOPH GOPPELSROEDER, FRANK KUNG, JAMES MCCANN, JOHN MELO, STEVE MILLS, CAROLE PIWNICA, PATRICK YANG, and LISA QI,

        Defendants.
------------------------------------------ X

CASE NO.: _____

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff Pedro Chamorro ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including the investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff against Amyris, Inc. ("Amyris" or the "Company") and members of Amyris' Board of Directors (the "Board" or the "Individual Defendants," together with Amyris, the "Defendants") for authorizing the dissemination of a materially incomplete and misleading proxy statement (the "Proxy") with the United States Securities and Exchange Commission ("SEC") on July 6, 2020.

2. As set forth below, the Proxy scheduled a special meeting of Amyris' stockholders for August 14, 2020 to vote on:

> Approval of the issuance of shares of our common stock issuable upon exercise by Foris Ventures, LLC of its option to convert all or any portion of the secured indebtedness outstanding under the Amended and Restated Loan and Security Agreement dated October 28, 2019, as further amended on June 1, 2020, into shares

11

of our common stock, in accordance with Nasdaq Listing Standard Rule 5635(d).

Approval of the issuance of shares of our common stock issuable upon the conversion of our Series E Convertible Preferred Stock in accordance with Nasdaq Listing Standard Rule 5635(d).

3. As set forth below, the Proxy omits material information, which renders the Proxy false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

5. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

7. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Amyris common stock.

8. Defendant Amyris is a Delaware corporation and maintains its principal executive offices at 5885 Hollis Street, Suite 100, Emeryville, California 94608. Amyris' common stock is traded on the NASDAQ Global Select Market under the ticker symbol

11

"AMRS."

9. Defendant John Doerr ("Doerr") is a director of the Company.

10. Defendant Geoffrey Duyk is a director of the Company.

11. Defendant Philip Eykerman is a director of the Company.

12. Defendant Christoph Goppelsroeder is a director of the Company.

13. Defendant Frank Kung ("Kung") is a director of the Company.

14. Defendant James McCann is a director of the Company.

15. Defendant John Melo is Chief Executive Officer, President, and a director of the Company.

16. Defendant Steve Mills is a director of the Company.

17. Defendant Carole Piwnica is a director of the Company.

18. Defendant Patrick Yang is a director of the Company.

19. Defendant Lisa Qi is a director of the Company.

20. The defendants identified in paragraphs 9 through 19 are collectively referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**I.     Background of the Company and the Agreements**

21. Amyris is a science and technology leader in the research, development, and production of sustainable ingredients for the Health and Wellness, Clean Beauty, and Flavors and Fragrances markets.

22. The Company uses an array of exclusive technologies, including state-of-the-art machine learning, robotics, and artificial intelligence.

23. The Company's ingredients are included in over 3,000 products from the

11

world's top brands, reaching more than 200 million consumers.

24. The Company owns three consumer brands, all built around its No Compromise promise of clean ingredients: Biossance clean beauty skincare; Pipette clean baby skincare; and Purecane, a zero-calorie sweetener naturally derived from sugarcane.

25. On June 1, 2020, the Board caused the Company and certain of its subsidiaries to enter into Amendment No. 1 to the Amended and Restated Loan and Security Agreement, dated October 28, 2019 (the "Loan Agreement Amendment") with Foris Ventures, LLC ("Foris").

26. As of June 15, 2020, Foris was the Company's largest shareholder, beneficially owning approximately 31.5% of the Company's outstanding common stock. Individual Defendant Doerr indirectly owns all of the membership interests in Foris.

27. Pursuant to the Loan Agreement Amendment, among other things, Foris has the option to convert all or a portion of its outstanding secured indebtedness under the Loan Agreement Amendment into shares of the Company's common stock at a conversion price equal to $3.00 (the "Conversion Option"), subject to the Company's stockholder approval to issue shares of the Company's common stock upon exercise of the Conversion Option in accordance with Nasdaq Listing Standard Rule 5635(d).

28. On June 1, 2020 and June 4, 2020, the Company entered into separate security purchase agreements (the "Purchase Agreements," and together with the Loan Agreement Amendment, the "Agreements") with certain accredited investors (the "Investors") for the issuance of an aggregate of 32,614,573 shares of the Company's common stock, and 102,156.21 shares of the Company's Series E Convertible Preferred Stock, convertible into 34,052,070 shares of common stock at a price of $3.00 per common share and $1,000 per preferred share, resulting in

11

an aggregate purchase price of $200 million (the "Offering").

29. The Investors include: Foris; Perrara Ventures, LLC, which is also affiliated with Individual Defendant Doerr; and Vivo Capital LLC ("Vivo"). Individual Defendant Kung is a founding member of Vivo, which owns approximately 13,347,068 shares of the Company's common stock.

30. Pursuant to the Purchase Agreements, and in accordance with Nasdaq Listing Standard Rule 5635(d), the Company must obtain stockholder approval for the issuance of shares of common stock issuable upon conversion of the preferred stock with respect to the transactions contemplated by the Purchase Agreements.

31. The Board approved the Offering and the issuance and sale of up to $200 million of equity securities at purchase price of $3.00 on May 28, 2020.

32. A "Pricing Committee" of the Board approved the final terms of the Offering, including the issuance of shares of common stock issuable upon the conversion of shares of preferred stock, on June 2, 2020.

33. The Board approved the Loan Agreement Amendment on June 2, 2020.

34. The consummation of the Offering occurred on June 5, 2020.

**II.  The Proxy Omits Material Information**

35. Defendants filed the Proxy with the SEC, which scheduled a special meeting of Amyris' stockholders for August 14, 2020 to vote upon:

36. Approval of the issuance of shares of our common stock issuable upon exercise by Foris Ventures, LLC of its option to convert all or any portion of the secured indebtedness outstanding under the Amended and Restated Loan and Security Agreement dated October 28, 2019, as further amended on June 1, 2020, into shares of our common stock, in accordance with

Nasdaq Listing Standard Rule 5635(d).

37. Approval of the issuance of shares of our common stock issuable upon the conversion of our Series E Convertible Preferred Stock in accordance with Nasdaq Listing Standard Rule 5635(d).

38. However, as set forth below, the Proxy omits material information.

39. The Proxy fails to disclose the financial projections and analyses that the Individual Defendants considered and relied upon in coming to their decision to approve the Agreements.

40. The Proxy fails to disclose the Company's financial advisors in connection with the Agreements and the terms of their engagements, including: (i) the amount of compensation the financial advisors have received or will receive in connection with their engagements; (ii) whether the financial advisors have performed past services for any parties to the Agreements or their affiliates; (iii) the timing and nature of such services; and (iv) the amount of compensation received by the financial advisors for providing such services.

41. The Proxy fails to disclose a fair summary of the process and negotiations leading up to the execution of the Agreements.

42. The Proxy fails to disclose the roles Individual Defendants Doerr and Kung played in the process leading up to the execution of the Agreements.

43. The Proxy fails to disclose the members and authorities of the Pricing Committee, which approved the final terms of the Offering, including the issuance of shares of common stock issuable upon the conversion of shares of preferred stock, on June 2, 2020.

44. The Proxy fails to disclose the nature of any alternatives to the Agreements that were considered by the Company's officers and directors.

45. The omission of the above-referenced material information renders the Proxy false and misleading.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Amyris' stockholders.

## COUNT I

**(Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9)**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

49. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

50. The omission of information from a proxy will violate Section 14(a) and Rule 14a-9 if other SEC regulations specifically require disclosure of the omitted information.

51. Defendants have issued the Proxy with the intention of soliciting the Company's

11

common stockholders' support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide critical information regarding.

52. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to the Company's common stockholders although they could have done so without extraordinary effort.

53. The Individual Defendants knew or were negligent in not knowing that the Proxy is materially misleading and omits material facts that are necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon most if not all of the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction. Further, the Individual Defendants were privy to and had knowledge of the projections for the Company and the details surrounding the process leading up to the signing of the Merger Agreement. The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

54. The Individual Defendants were, at the very least, negligent in preparing and reviewing the Proxy. The preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. The

Individual Defendants were negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and preparation and review of the Company's financial projections.

55. Amyris is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Proxy.

56. The misrepresentations and omissions in the Proxy are material to the Plaintiff, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the special meeting of the Company's stockholders. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**(Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act)**

57. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

58. The Individual Defendants acted as controlling persons of Amyris within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Amyris, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

59. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

60. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Proxy contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

61. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

62. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

63. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and

proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

64. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can the Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and/or permanently enjoining Defendants and their counsel, agents, employees, and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

B. Directing the Defendants to account to the Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| Dated: August 4, 2020 | **MONTEVERDE & ASSOCIATES PC** |
|  | <u>*/s/ Juan E. Monteverde*</u> |
|  | Juan E. Monteverde (JM-8169) |
|  | The Empire State Building |
|  | 350 Fifth Avenue, Suite 4405 |
|  | New York, NY 10118 |
|  | Tel: (212) 971-1341 |
|  | Fax: (212) 202-7880 |
|  | Email: jmonteverde@monteverdelaw.com |

*Attorneys for Plaintiff*